Jerry G. MAYO, Plaintiff,

v.

KIWEST CORPORATION and Amgulf Corporation, Defendants.

Civ. A. No. 95–832–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Aug. 8, 1995.

Mary Ann Kelly, Fite, O'Brien & Byrum, McLean, Virginia, for plaintiff.

John C. Rand, Alexandria, Virginia, for defendants.

### MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the Court on defendants' motion to dismiss. The Plaintiff alleges claims for sex discrimination and harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, retaliation in violation of Title VII, wrongful discharge, intentional infliction of emotional distress, and assault and battery.

Plaintiff was employed by defendant Kiwest ("Kiwest"), a Virginia contracting and construction management corporation, and defendant Amgulf ("Amgulf"), a Virginia corporation involved in general contracting, construction, and real estate management, to perform construction remodeling and maintenance. Mayo is currently unemployed and living in an apartment leased through defendant Amgulf.

The Plaintiff filed a charge of sex discrimination with the Equal Employment Opportunity Commission and received a right to sue letter on June 13, 1995.

Plaintiff alleges that he was sexually harassed by his male supervisor, Richard Flanagan, who made sexually explicit and vulgar comments to him, grabbed him in a sexual manner, and told others that Plaintiff was a homosexual. Plaintiff complained to James Rand, the President and Director of Kiwest and Amgulf, on January 23, 1995. In response, Plaintiff was placed on paid administrative leave and an investigation was conducted. In a letter dated March 21, 1995, Mayo was informed that his complaints were without merit and that he was being terminated for "wrongdoing" on the job.

Mayo has leased an apartment from Amgulf since 1990 and is currently leasing on a month-to-month basis. On March 25, 1995 Mayo received a letter from Amgulf instructing him to vacate his apartment by April 30, 1995.

Plaintiff claims that defendants have sexually harassed him, discriminated against him because of his sex, and created a hostile and abusive work environment in violation of Title VII. Further, Plaintiff claims defendants retaliated against him for his good faith complaints of sexual harassment by terminating him from employment and evicting him from his apartment.

Defendants move this Court to dismiss Plaintiff's complaint contending that there is no cause of action under Title VII for same-sex sex discrimination. For purposes of this motion to dismiss, this Court takes Plaintiff's allegations as true in evaluating whether Plaintiff has stated a claim upon which relief may be granted. Fed. R.Civ.P. 12(b). *See, Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

Title VII was enacted to protect against discrimination of an individual based on certain enumerated characteristics—race, color, religion, sex or national origin. 42 U.S.C. § 2000e. Sex discrimination may take the form of sexual harassment so severe as to create an atmosphere or environment hostile to the victim's sex. *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). Such harassment prevents persons of that sex from enjoying the

same employment opportunities as members of the opposite sex. When a male supervisor harasses a male subordinate, however, the same presumption does not arise. This Court would have to assume that such harassment of the male subordinate prevented men from having the same employment opportunities as women.[1]

In addressing the subject of sex discrimination and defining the parameters of a hostile work environment, the United States Supreme Court has held that in enacting Title VII, Congress intended " 'to strike at the entire spectrum of disparate treatment of men and women' in employment." *Harris v. Forklift Systems, Inc.*, —— U.S. ——, ——, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993). While not specifically addressing the merits of a claim by a Plaintiff of discrimination by a member of the same sex, lower courts, including courts in this circuit, have interpreted *Harris* to mean that same sex discrimination is not actionable under Title VII because it does not amount to discrimination because of the Plaintiff's gender.

In *Hopkins v. Baltimore Gas & Electric Co.*, 871 F.Supp. 822 (D.C.Md.1994) (pending appeal in the Fourth Circuit), the court specifically addressed the issue of same-sex sex discrimination and found no cause of action under Title VII, even when the conduct complained of has sexual overtones. *Id.* at 833, (*citing Garcia v. Elf Atochem North America*, 28 F.3d 446 (5th Cir.1994)). To date the Fifth Circuit is the only appellate opinion to directly address and discuss this issue.[2]

■ While workplace harassment, in general, may cause severe distress and effect employment opportunities, it is clear that only certain kinds of harassment are actionable under Title VII. Even taking all of Plaintiff's allegations as true, as crude and offensive as they may be, Title VII does not afford Plaintiff a remedy for the alleged conduct.

■ Plaintiff also alleges that he was retaliated against in violation of Title VII because of his complaints of sex discrimination and harassment. A Plaintiff establishes a retaliation claim under Title VII if he shows that "he had a reasonable belief that his employer was engaged in an unlawful employment practice and that the employer retaliated against [him] for protesting against that practice." *Drinkwater v. Union Carbide Corp.*, 904 F.2d 853, 865 (3d Cir. 1990) (*citing Hicks v. ABT Assoc. Inc.*, 572 F.2d 960, 967–69 (3d Cir.1978); *Jennings v. Tinley Park Comm. Consol. School Dist.*, 796 F.2d 962, 967 (7th Cir.1986), *cert. denied*, 481 U.S. 1017, 107 S.Ct. 1895, 95 L.Ed.2d 502 (1987); *EEOC v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1013 (9th Cir.1983). While Title VII jurisprudence clearly holds that retaliation and discrimination claims are severable, it is clear that in order to maintain a retaliation claim, the Plaintiff's underlying claim of discrimination or harassment must be reasonable. In determining the reasonableness of Plaintiff's belief that he was being discriminated against, the Court must look to the pre-existing case law. *See, e.g., Berg v. La Crosse Cooler Co.*, 612 F.2d 1041, 1042–43 (7th Cir.1980).

■ Plaintiff's interpretation of Title VII to include protection against same sex discrimination appears to be completely at odds with the plain language of the statute, which prohibits discrimination in employment based on one's gender. Further, at the time Plaintiff filed his suit, there was simply no caselaw in this Circuit that supported this interpretation of Title VII. The only case in this Circuit to directly address this question, *Hopkins v. Baltimore Gas & Electric Co.*, which was decided after Plaintiff filed his charge of discrimination, soundly rejected the idea that Title VII affords a remedy for same sex discrimination. Accordingly, based on the existing caselaw at the time Plaintiff filed his charge of discrimination and jurisprudence to date in this Circuit, Plaintiff's

---

1. The inquiry is not whether such discrimination prevented homosexual men from having the same employment opportunities as heterosexual men—that would be discrimination "because of sexual preference" and that is afforded no protection by the very words of Title VII.

2. *See also, Vandeventer v. Wabash Nat'l. Corp.*, 867 F.Supp. 790 (N.D.Ill.1994) (same sex harassment not actionable under Title VII); *Goluszek v. Smith*, 697 F.Supp. 1452, 1456 (N.D.Ill.1988) (same sex sexual harassment not type of conduct Congress intended to sanction under Title VII).

belief that he was being discriminated against was not reasonable and cannot support an independent claim of retaliation.

Finally, Plaintiff states pendent state law causes of action for intentional infliction of emotional distress, wrongful termination, and assault and battery. After finding that Plaintiff's claims for discrimination and retaliation are without merit, this Court lacks jurisdiction over these pendent state law causes of action.

An appropriate order shall issue.

### ORDER

This matter came before the Court on defendants' motion to dismiss. For reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that as to Counts I and II for violations of Title VII defendants' motion is GRANTED and Counts I and II are dismissed, and Counts Four, Five, and Six are dismissed without prejudice.