David W. **CHILDRESS**, et al., Plaintiffs,

v.

**CITY OF RICHMOND, VIRGINIA**
et al., Defendants.

**Civil Action No. 3:95CV662.**

United States District Court,
E.D. Virginia,
Richmond Division.

March 21, 1996.

Jay Joseph Levit, Levit & Mann, Richmond, VA, for Plaintiffs.

Beverly Joanne Agee Burton, Office of the City Attorney, Richmond, VA, for Defendants.

### MEMORANDUM OPINION

RICHARD L. WILLIAMS, Senior District Judge.

This matter is before the Court on the defendants' Motion for Summary Judgment. By its Memorandum Opinion and Order of Nov. 21, 1995, the Court dismissed the seven white male plaintiffs completely under 12(b)(6) and also dismissed the two white females' state common law claims and claims for race discrimination under Title VII, 42 U.S.C. §§ 1981 & 1983 and Virginia public policy. The Court also construed the claim stated against Chief Oliver and former chief Tapscott to be in their personal capacities. The Court on December 12, 1995 then permitted the plaintiffs to amend their complaint. The amended complaint formally added Tapscott as a defendant. Most importantly, the amended complaint now alleges that the male plaintiffs were retaliated against not only for their own discrimination claims but also for their assistance to the female officer's claims. The complaint also realleges all the claims which were previously dismissed.

The Court orally advised the parties of its holding on this second motion by telephone on March 15, so that the parties could proceed to trial. The parties then settled the claims of the two female officers. This opinion gives the reasons and holding of the Court's March 15 decision.

### I. Facts.

The facts of the case were stated in the Court's earlier memorandum, but some additional facts about the EEOC charge-filing stage of the case are necessary. At the outset the Court notes that plaintiff Quinney, a white male, must be dismissed as the plaintiffs concede that he did not timely file. As to the remaining eight officers, all filed an initial charge stating simply that, since November 1, 1993, each had been discriminated against because of his or her race and sex. All eight then filed a second charge between July and September 1994, alleging retaliation. However, only one officer, the female plaintiff Janice Thompson, alleged that the retaliation was both for filing her earlier

claim *and* for "opposing employment practices unlawful under Title VII." The remaining 6 male officers, and the other female Downey, merely stated charges to the effect of "I believe [some action] was in retaliation for the filing of my first EEOC charge in violation of Section 704(a)[1] of Title VII."

## II. Analysis.

### 1. Law of the case.

Most of the realleged claims in the amended complaint were subject to the Court's earlier Memorandum Opinion and Order. Plaintiffs have not strongly argued the Court's decision on any claims except for those under Title VII, and finding no reason in law or fact to reconsider that decision, all claims other than those under Title VII remain dismissed. Similarly, the law of the case is that Tapscott and Oliver are proper personal defendants. The female plaintiffs having settled their claims, the Court will discuss only the Title VII retaliation claims of the male officers.

The male officers make two separate retaliation claims. The first, alleged under the so-called participation clause of Title VII, is for filing race and sex discrimination charges on their own behalf. The second, alleged in the amended complaint under the opposition or assistance clause, is for their assistance to the claims of the female officers. The claims must be addressed separately.

### 2. The opposition claims.

The participation and opposition clauses are provided in Title VII § 704(a), 42 U.S.C. 2000e–3(a):

It shall be an unlawful employment practice for an employer to discriminate against any individual ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

■ Paragraph 28 of the amended complaint now specifically alleges that the male officers suffered retaliation for assisting the valid claim of the two female plaintiffs. Title VII, 42 U.S.C. § 2000e–3(a) does recognize such claims. *See Robinson v. Shell Oil Co.,* 70 F.3d 325, 327 (4th Cir.1995) (in dicta). However, for this Court to have jurisdiction, those claims must have been presented to the EEOC during the charge-filing limitations period. The male officers' charge-filing forms, and the affidavits to the EEOC in the plaintiff's summary judgment exhibit entitled "PLAINTIFFS' EEOC RETALIATION CHARGES," nowhere mention this new theory. Plaintiffs now argue that the opposition and assistance claims were meant to be made or perhaps were constructively made, but since the formalities of the EEOC process must be observed and they were not met here, this Court simply does not have authority to read the charges with a liberal eye. By failing to allege retaliation for aiding the female officers' sex discrimination claims, the male officers deprived this Court of any jurisdiction over the retaliation claims now barred by the statute of limitations. The opposition and assistance claims by the male officers are therefore dismissed.

### 3. The participation claims.

■ For claims made under the opposition clause, courts require only that the employee reasonably believe the practice involved is unlawful. *Mayo v. Kiwest Corp.,* 898 F.Supp. 335, 337 (E.D.Va.1995). Unlike the opposition clause, the participation clause grants what appears to be an absolute privilege for filing a claim with the EEOC. *See Blizzard v. Newport News Redevelopment & Housing Authority,* 670 F.Supp. 1337, 1344 (E.D.Va.1984). Some courts have held that even a maliciously false charge is protected. *E.g., Pettway v. American Cast Iron Pipe Co.,* 411 F.2d 998, 1007 (5th Cir.1969). Title VII strikes a balance between the damage from false charges and the potential for retribution after true complaints. That balance is confidentiality over EEOC proceedings, on the one hand, and protection for EEOC participation, on the other. *See id.*

To proceed to trial, the participation claims must clear two hurdles: first, dismissal for

---

1. Codified as 42 U.S.C. 2000e–3(a).

failure to state a claim, and second, summary judgment for failure to raise an issue of material fact. The Court concludes that the participation claims fail on either test.

### a. Dismissal of the claims.

■ The dismissal question is whether the Court should interpret Title VII as creating a participation privilege on these unusual facts. When interpreting a statute, generally the clear language of a statute will control, and in fact, the Fourth Circuit has stated that a Court must respect Title VII's clear language in its common usage and may not exercise "ingenuity ... in order to escape consequences thought absurd." *Robinson,* 70 F.3d at 328. However, the purpose of statutory interpretation is to respect "the legislative will as expressed in the language." *Id.* And while inquiry must cease if the language is unambiguous and the statutory scheme is coherent and consistent, incoherence requires further review. The Court finds that the participation clause cannot be coherently applied to the facts of this case.

■ The participation clause exists because Congress made a determination that when an employee charges wrongdoing by an employer, that question becomes the province of the EEOC and neither courts nor the employer may make any determination of the merits of the wrongdoing allegation. But there must be some sense of reason in any statutory scheme, and in Title VII that sense is the prohibition against "unlawful" behavior in 42 U.S.C. § 2000e–3(a). Where an employee charges not wrongdoing but favoritism in his favor, none of the remedial purposes of Title VII are served by allowing him to use the retaliation provisions to breathe life into his spurious complaint. Where the original charge is a statement of favorable treatment by the employer, the Court concludes that the participation clause does not provide an absolute privilege for charge filing. Further, the Court finds that the male plaintiffs on these particular facts are entitled to no privilege, and their participation claims are dismissed.

Because the Court recognizes that its analysis of the participation clause may present a close issue, the Court will also analyze the claims on a summary judgment theory in the interests of judicial economy.

### b. Summary judgment against the claims.

For purposes of this independent section of its opinion, the Court will assume that the claim survives a motion to dismiss. The Court therefore next addresses the propriety of summary judgment.

■ By attempting to state a new claim in the amended complaint, the male plaintiffs have crystallized the narrow summary judgment issue before the Court. The first claim, presented as the first charge to the EEOC, is of direct discrimination on sex and race. The new claim, as discussed and dismissed above, is of retaliation for assistance and opposition. With the new claim dismissed, all the plaintiff's evidence on retaliation for opposing an anti-female hostile environment is now irrelevant. The only evidence which may resist the City's summary judgment motion is evidence which shows that the first EEOC charge, regardless of any opposition and assistance activity, was the proximate cause of retaliatory action by the City.

Sufficient evidence on this narrow point does not exist. A careful reading of the now-voluminous record may produce a question of material fact as to whether the City retaliated against the male officers for their opposition to unlawful practices against women. If the male officers had preserved that retaliation claim by charge to the EEOC, summary judgment would now be inappropriate. But the point bears repetition: the Court is without jurisdiction to consider the opposition claim.

Parsing the record in parts and as a whole, the Court finds no material evidence that the City retaliated against the male officers for the filing of the first EEOC charges themselves. When read in the light most favorable to the plaintiffs, the record speaks with a clear voice. The City retaliated against the male officers for their claim that Lt. Carroll needed psychological evaluation. It retaliat-

ed for the claim that Carroll displayed animus to blacks and women and displayed favoritism to white males. It retaliated for the claim that the working environment was hostile to African Americans and females, and even retaliated when the beneficiaries, white males, supported that claim. But the record does not show that the white male plaintiffs suffered discrimination for their gender or race, nor does it show that the white males' EEOC charge to that effect was the motivation for retaliation.

Therefore the Court grants summary judgment against the male officers' participation claims. The Court further notes that a final decision during the motions stage is the ideal outcome for this case. The tangled posture of this litigation, with its discrimination-versus-retaliation and participation-versus-opposition clause issues, is highly technical and poses a great risk of confusing the jury. Even with a high caliber of lawyering, the case is fraught with a danger that the jury would misunderstand the issues and penalize a defendant for conduct which, though offensive, was not with respect to these defendants a violation of the law.

### III. Conclusion.

Most of the claims presented by the amended complaint are identical to those of the first complaint, and therefore as to all but the Title VII retaliation claims of the male plaintiffs, the Court's earlier Order is the law of the case. On representation of settlement by the female plaintiffs, the female officers' claims are now dismissed with prejudice. As to the remaining claims, retaliation for participation and opposition, the City's renewed motion is granted. While Title VII recognizes an opposition theory under the facts of this case, those claims were not preserved at the EEOC charge-filing stage and the Court dismisses them for lack of jurisdiction. As to the participation claims, the Court dismisses them and in the alternative also grants summary judgment for the defense. An accompanying Final Order will issue and this case will be placed among the ended causes.

Let the Clerk send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.